UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES SMITH, individually and on
behalf of others similarly situated, and
on behalf of the general public,

    Plaintiff,

v.                                        CASE NO. 8:20-cv-417-WFJ-AAS

OAKLEY TRANSPORT INC.,
OAKLEY TRANSPORTATION
GROUP, INC. d/b/a Oakley Transport,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION SEEKING (1) CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS; (2) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; (3) AUTHORIZATION OF NOTICE TO CLASS; AND (4) SETTING A DATE AND TIME FOR A FINAL FAIRNESS HEARING**

THIS CAUSE comes before the Court on Plaintiff's Unopposed Motion Seeking (1) Conditional Class Certification; (2) Preliminary Approval of Class Action Settlement; (3) Authorization of Notice to Class; and (4) Setting a Date and Time for Final Fairness Hearing (Dkt. 84). The Court, having read and considered the papers on the motion, the arguments of counsel, if applicable, and the law, and good cause appearing therefore, it is **ORDERED**:

1. The Settlement as set forth in the Parties' Joint Stipulation of Settlement and Release of Class Action (the "Settlement Agreement") is preliminarily

approved as it meets the criteria for preliminary settlement approval. The Settlement appears to be the product of good faith, non-collusive, and arms-length negotiations with the assistance of an experienced mediator, Steve Pearl, during a full-day mediation, and falls within the range of possible approval as fair, adequate, and reasonable; as to all Class Members.

2. The proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the Parties, and such notice is the best notice practicable. The proposed Notice of Proposed Class Action Settlement and Final Approval Hearing ("Class Notice") (Settlement Agreement, Ex. 1) clearly and accurately describes the nature of the action, the definition of the certified class, as well as the class claims and defenses, is sufficient to inform Class Members of the terms and conditions of the Settlement Agreement, their rights to object to the Settlement or opt out of the Settlement and the processes for doing so, as well as the date and location of the final approval hearing, and is therefore approved.

3. The proposed Settlement Class satisfies the requirements of an adequately defined and clearly ascertainable class because the Class Members are easily identified through Defendants' records and a well-defined community of interest exists in the questions of law and fact affecting the parties. Accordingly, the

following persons are conditionally certified as Class Members solely for the purpose of entering a settlement in this matter:

> all current and former truck drivers employed by Defendants who drove within California for Defendants at any time during the Class Period (September 19, 2015 through December 31, 2020) ("Class Members").

In addition, the Court conditional certifies the following settlement subclasses:

> • PAGA Subclass – current and former truck drivers employed by Defendants who drove within California for Defendants at any time since September 19, 2018, through December 31, 2020; and

> • Paystub Subclass – current and former truck drivers employed by Defendants who drove within California for Defendants at any time since September 19, 2018, through December 31, 2020.

> • Waiting-Time Subclass – current and former truck drivers employed by Defendants who drove within California for Defendants at any time since September 19, 2016, through December 31, 2020.

4. Plaintiff James Smith is appointed as the Class Representative.

5. Matthew C. Helland and Daniel S. Brome of Nichols Kaster, LLP, Jason T. Brown and Nicholas R. Conlon of Brown LLC, and Gregg I. Shavitz of Shavitz Law Group, P.A. are appointed as Class Counsel.

6. Analytics Consulting LLC is appointed to act as the Settlement Administrator, pursuant to the terms and conditions in the Settlement Agreement.

7. Within 10 days of entry of this order and as provided in the Settlement Agreement, Defendants shall provide the Settlement Administrator with a confidential spreadsheet containing the names, unique identifying numbers, last-

known mailing addresses and telephone numbers, the starting and ending dates of employment for each Class Member, social security numbers, and the state of residence as reflected in Defendants' records as of December 31, 2020 (Settlement Class Member Information), as provided in the Settlement Agreement.

8. Within 10 days of this order and as provided in the Settlement Agreement, Defendants also will provide (1) to the Settlement Administrator, the Final Load Count and (2) to Class Counsel, the Final Load Count with Class Member names redacted and replaced with unique identifying numbers to correspond with the Settlement Class Member Information.

9. Within 10 days after receipt of the Settlement Class Member Information, or as soon thereafter as practicable, the Settlement Administrator shall send via first-class, United States mail to each Class Member a Class Notice and an I.R.S. Form W-9, if applicable as provided in the Settlement Agreement, Article IV, Section 6 (Notice Packet).

10. In order for a Class Member to request exclusion (opt-out) from the Settlement, a completed Opt-Out Request must be returned to the Settlement Administrator via U.S. Mail, fax, or e-mail so that it is received or postmarked on or before 90 days after the Notice Packet was initially mailed by the Settlement Administrator (the "Opt-Out Deadline"). Any Class Member who submits a timely and proper Opt-out Request shall no longer be a member of the Class, shall be

barred from participating in this Settlement, shall be barred from objecting to the Settlement, and shall receive no benefit or payment from the Settlement.

11. Any Class Member who does not make an Opt-Out Request and wishes to object to the Settlement must file and deliver a written objection with the Court and serve copies of the written objection to Class Counsel and Defense Counsel via U.S. Mail, fax, or e-mail so that it is received or postmarked on or before the Opt-Out Deadline. The objection must include the case name and number and must set forth in clear and concise terms a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interest of the Settlement Class and the reasons why the Settlement should not be approved, including the legal and factual arguments supporting the objection. If an objector also wishes to appear at the Final Approval Hearing, in person or through an attorney retained at his/her own expense, he or she must also file a notice of his/her intention to appear at the same time as the objection is filed.

12. Each Class Member (excluding Class Members who submit a timely and proper Opt-Out Request) and his or her heirs, trustees, executors, successors, administrators, assigns, and representatives, jointly and severally, shall and do hereby forever release, discharge, and agree to indemnify and hold harmless Defendants and the Released Parties of and from any and all of the Released Claims, as provided in the Settlement Agreement.

13. Plaintiff is directed to file with the Court no later than twenty-one (21) days before the Final Approval Hearing an unopposed motion for final approval of the Settlement.

14. Class Counsel is directed to file with the Court no later than twenty-one (21) days before the Final Approval Hearing any an application for an award of attorneys' fees in an amount not to exceed 30% of the Gross Settlement Amount or $262,500, an award of verified costs and expenses up to $15,000, and for approval of the payment for the Settlement Administrator's costs and expenses and the payment of general release consideration to Plaintiff. to be heard by the Court at the Final Approval Hearing.

15. The parties may file a supplemental brief or response to any objections to the application for attorneys' fees or service awards in support of their motion for final approval of the Settlement no later than 7 days before the Final Approval Hearing.

16. A Final Approval Hearing will be held on **Thursday, August 26, 2021, at 1:30 p.m. at the Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Courtroom 15B, Tampa, Florida 33602**, to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider Class Counsel's application for an award

of attorneys' fees, verified costs and expenses, and for approval of the payment for the Settlement Administrator's costs and expenses and the payment of general release consideration to Plaintiff. Class Members and their counsel may support or oppose the Settlement and the application for an award of attorneys' fees, verified costs and expenses, and for approval of the payment for the Settlement Administrator's costs and expenses and the payment of general release consideration to Plaintiff, if they so desire, as set forth in the Class Notice. Any Class Member may appear at the Final Approval Hearing in person or by his or her own attorney and show cause why the Court should not approve the Settlement, or object to the application for an award of attorneys' fees, verified costs and expenses, or approval of the payment for the Settlement Administrator's costs and expenses or the payment of general release consideration to Plaintiff, as set forth in the Class Notice.

17. The Motion (Dkt. 84) is granted. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**DONE AND ORDERED** at Tampa, Florida, on March 17, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE